UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――

GALE MITCHELL,

                                        Plaintiff,

                        -vs-                                        14-CV-683-JTC

NORTHEAST COLLECTION BUREAU,

                                        Defendant.

―――――――――――――――――――――――――――

## INTRODUCTION

On August 20, 2014, plaintiff Gale Mitchell filed a complaint alleging the violation of

the Fair Debt Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. § 1692, *et seq.*

Defendant Northeast Collection Bureau failed to appear and defend this action, which

resulted in entry of default by the Clerk of the Court, pursuant to Rule 55(a) of the Federal

Rules of Civil Procedure, on October 27, 2014.  Item 5.  Presently before the court is

plaintiff's motion for default judgment pursuant to Fed. R. Civ. P.  55(b).  Item 6.  For the

following reasons, plaintiff's motion is granted.

## DISCUSSION

**1.      Default Judgment Standard**

Before obtaining default judgment, a party must first secure a Clerk's entry of default

by demonstrating, by affidavit or otherwise, that the opposing party is in default.  Fed. R.

Civ. P. 55(a).  Once default has been entered, the allegations of the complaint establishing

the defendant's liability are accepted as true, except for those relating to the amount of

damages.  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d

Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993).

In considering whether to enter default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment. *See* Fed. R. Civ. P. 55(b)(2). Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974). All reasonable inferences from the evidence presented are drawn in the moving party's favor. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

## 2.     Liability

As set forth in the complaint, the facts are relatively straightforward. At all times relative to the claim asserted, defendant Northeast Collection Bureau was acting in the capacity of a business entity engaged in the business of debt collection, within the meaning of 15 U.S.C. § 1692a(6) (definition of "debt collector"). Plaintiff alleges that, on January 17, 2014, a representative of the defendant called plaintiff's cellular telephone and attempted to discuss an alleged consumer debt. Plaintiff advised the representative that she had spoken with another representative four days earlier and was waiting for a copy of her bill. At that time, the call was terminated. Approximately 18 minutes later, a different representative called plaintiff's home telephone. Approximately 20 minutes later, the first representative telephoned plaintiff on her cell phone. While she was speaking with him, a different representative again called plaintiff's home telephone. Plaintiff advised the

2

representatives that the repeated telephone calls were harassment and alleges that defendants violated the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt.[1] Accordingly, for the purposes of this motion, plaintiff has sufficiently alleged facts to establish defendant's liability under the FDCPA.

## 3.    Damages

Section 1692k(a)(2)(A) authorizes the court to award up to $1,000 in statutory damages per plaintiff for any violation of the FDCPA.  The specific amount of statutory damages, not to exceed $1,000, falls within the court's discretion.  *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998).  Factors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance with the Act; the debt collector's resources; the number of individuals adversely affected; and the extent to which the debt collector's non-compliance was intentional.  *See* 15 U.S.C. § 1692k(b)(1).  Awards of the $1,000 statutory maximum are typically reserved for cases where the defendants' violations are "particularly egregious or intimidating."  *Cordero v. Collection Co.,* 2012 WL 1118210, *2 (E.D.N.Y. Apr. 3, 2012).

By virtue of the entry of default, defendant is deemed to have admitted the well-pleaded allegations of the complaint.  However, considering the infrequency of the

---

[1] Specifically, plaintiff alleges that defendant violated sections 1692c(a)(1) (communicating at a time or place known to be inconvenient to the consumer); 1692d (engaging in conduct the natural consequences of which is to harass, oppress, or abuse); 1692d(5) (causing a telephone to ring continuously with the intent to annoy, abuse, or harass); 1692e (using false, deceptive, or misleading representations in connection with the collection of a debt); and 1692f (using unfair or unconscionable means in connection with the collection of a debt).

noncompliance (four calls within approximate one-hour period),  the limited number of individuals adversely affected (one), and the absence of any further information regarding the debt collector's resources or intent, the court finds that the violation of the FDCPA does not amount to the level of "particularly egregious or intimidating" conduct warranting an award of maximum statutory damages.  The court therefore awards plaintiff a total of $500.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).  *See Hance v. Premier Recovery Group, Inc.*, 2013 WL 85068, *2 (W.D.N.Y. Jan. 7, 2013) (awarding $500 in statutory damages where defendant called plaintiff's home on a number of occasions, totaling more than 20 times per month); *Fajer v. Kaufman, Burns & Assocs.*, 2011 WL 334311, *3 (W.D.N.Y. Jan. 28, 2011) (awarding $500 where defendant made numerous calls to home and workplace and made empty threats of litigation); *see also Bonafede v. Advanced Credit Solutions*, LLC, 2012 WL 400789, *3 (W.D.N.Y. Feb. 7, 2012) (finding demand of $1,000 "excessive" where plaintiff presented no evidence that communications with collector were persistent).

4.      **Attorneys' Fees and Costs**

        The FDCPA also provides for the recovery of reasonable attorney's fees and costs by successful litigants.  *See* 15 U.S.C. § 1692k(a)(3) (permitting recovery of, "in the case of any successful motion to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court").  In determining a reasonable fee, district courts should set a reasonable hourly rate, bearing in mind case-specific variables, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*,

522 F.3d 182, 190 (2d Cir. 2008).   There is a presumption in favor of the hourly rates employed in the district in which the case is litigated.  *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174–75 (2d Cir. 2009).  Thus, the court must consider the prevailing market rate in the Western District of New York for "similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).

Here, plaintiff has submitted an affidavit documenting a total of 9.9 hours of work on the case by one attorney, admitted to practice in 2009, seeking an hourly rate of $180 per hour.  The court finds the number of hours expended on the case and the hourly rate to be reasonable, compared to the prevailing market rates in this district for FDCPA cases. *See, e.g., Ortez v. First Asset Recovery Group, LLC*, 2014 WL 1338835, at *3 (W.D.N.Y. Apr. 2, 2014) (granting motion for default judgment and awarding fees at hourly rates of $250 for experienced attorneys, $175 for newer attorneys, and $75 for paralegal staff); *Carbin v. Northern Resolution Group, LLC*, 2013 WL 4779231, at *3 (W.D.N.Y. Sept. 5, 2013) (same); *Halecki v. Empire Portfolios, Inc.*, 952 F. Supp. 2d 519, 521-22 (W.D.N.Y. 2013) (awarding hourly rate of $250 for experienced attorney, $140 for new attorney); *Hance*, 2013 WL 85068, at *2 (awarding hourly rate of $225 for experienced attorney, $200 for newer attorney, and $50 for paralegal staff).

Accordingly, the court awards $1,782.00 in attorneys' fees.    The court also grants plaintiff's request for an award of $465.00 in recoverable costs.

## CONCLUSION

Based on the foregoing, plaintiff's motion for default judgment (Item 6) is

GRANTED.  Plaintiff is awarded $500.00 for defendant's violation of the FDCPA, $1782.00 in attorney's fees, and $465.00 in costs.

The Clerk of the Court is directed to enter judgment accordingly, and to close this case.

So Ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   January 7, 2015